```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION


LARRY RUSSELL,                  )   No. CV 11-04028-GHK (VBK)
                                )
           Plaintiff,           )   ORDER RE DISMISSAL OF COMPLAINT
                                )   WITH LEAVE TO AMEND
     v.                         )
                                )
LANCASTER STATE PRISON,         )
et al.,                         )
                                )
           Defendants.          )
                                )
_____)
```

Pro se prisoner Larry Russell (hereinafter referred to as "Plaintiff") filed a Civil Rights Complaint Pursuant to 42 U.S.C. §1983 on May 16, 2011, pursuant to the Court's Order re Leave to File Action Without Prepayment of Full Filing Fee. Plaintiff alleges that his civil rights were violated by Defendants Lancaster State Prison and Pavel Petrik, M.D., in his official capacity. (Complaint at 2.)

Plaintiff alleges that while incarcerated at Lancaster State Prison he had an infection, a cyst, in both armpits. Plaintiff alleges surgery was performed by Defendant Dr. Petrik successfully removing the cysts. (Complaint at 4.) Afterwards in recovery, Plaintiff claims that the left arm stitches broke loose causing him

severe pain and fluid leakage. (Id.) Plaintiff alleges that Defendant Dr. Petrik was called for followup but never responded. However, other medical doctors did respond. Plaintiff alleges after months of pain and suffering from the stitches in his left armpit, one doctor finally removed the stitches. Plaintiff alleges the wound was still open and the treatment was not effective. Almost ten months later while still incarcerated, Plaintiff alleges the left armpit wound still did not heal; however, the right armpit wound healed completely. (Id.)

Plaintiff alleges two days before his release date "6-09" Defendant Dr. Petrik examined the wound. Plaintiff told Defendant Dr. Petrik that he needed his professional opinion regarding the wound; however, Defendant Dr. Petrik did not prescribe further treatment. (Id. at 5.) Plaintiff alleges as of May 6, 2011, the wound is still infected. (Id.)

**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. §1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B) (re: all in forma pauperis complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to F.R.Civ.P. 12(b)(1). Neitzke v. Williams, 319, 327 n.6, 109 S.Ct. 1827 (1989) (unanimous decision)(patently

2

insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. When considering a dismissal, a Court must accept as true all allegations and material facts and must construe those facts in a light most favorable to the plaintiff. Resnick v. Hays, 213 F.3d 443, 447 (9th Cir. 2000). However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 858 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949, 172 L.Ed.2d 868 (2009)(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555. The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted). "[A] well-pled complaint may proceed even if it appears that a recovery is very remote and unlikely." Twombly, 55 U.S. at 556, 127 S.Ct. 1955 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

**A.   Federal Rule Of Civil Procedure 8(a).**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). "The plaintiff must

allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Rule 8 is designed to provide Defendants with fair notice of the claims against them and the grounds on which those claims rest. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). When a complaint fails to comply with Rule 8, it may be dismissed pursuant to F.R.Civ.P. 41(b). McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996)(complaint properly dismissed under Rule 41 for failure to comply with Rule 8 in Court Order).

**DISCUSSION**

For all of the following reasons, the Complaint should be dismissed with leave to amend.

**A. Section 1983 Pleading Requirements**.

In order to state a claim under section 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. See, Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir.), cert. denied, 522 U.S. 996, 118 S.Ct. 559 (1997); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). Liability under section 1983 is predicated upon an affirmative link or connection between the defendants' actions and the claimed deprivations. See Rizzo v. Goode, 423 U.S. 362, 372-73, 96

S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

> A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." [citation] Indeed, the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d at 743-44.

Here, Plaintiff must set forth specific facts as to what Defendant Dr. Petrik did or failed to do with respect to his claim.

**B. Medical Malpractice Does Not State a Claim under the Eighth Amendment.**

Plaintiff alleges that Defendant Dr. Petrik did not follow up with him after surgery. However, Plaintiff alleges other medical doctors did follow up with Plaintiff's care and treatment. "Denial of medical attention to prisoners constitutes an Eighth Amendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoner." Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). Deliberate indifference occurs when prison officials deny, delay or intentionally

interfere with medical treatment or in the way in which prison officials provide medical care. McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); Hunt v. Dental Dept., 865 F.2d 198 (9th Cir. 1989). Deliberate indifference may also be shown by a prison official's attitude and conduct in response to a prisoner's serious medical needs. Helling v. McKinney, 509 U.S. 25, 32-33, 113 S.Ct. 2475 (1993); Estelle, 429 U.S. at 104-05.

To state a deliberate indifference claim, a prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious, and that the defendant official acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321 (1991). The required showing of deliberate indifference is satisfied when it is established that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety." Johnson, 134 F.3d at 1398 (citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)).

The courts have recognized that deliberate indifference to serious medical needs may be manifested in two ways: "It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1998)(citing Estelle v. Gamble, 429 U.S. at 105). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not

7

rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir.), cert. denied, 519 U.S. 1029 (1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).

Medical malpractice, even gross medical malpractice, does not amount to a violation of the Eighth Amendment. Broughton v. Cutter Lab, 622 F.2d 458, 460 (9th Cir. 1980). A dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under §1983. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970).

Plaintiff must set forth with particularity, specific facts demonstrating Defendant Dr. Petrik's "deliberate indifference" to Plaintiff's medical condition. Plaintiff should state what acts that Defendant Dr. Petrik did or failed to do to with respect to Plaintiff's medical care. Plaintiff may not simply claim that he has been denied adequate medical care. Plaintiff has not alleged facts showing that Defendant Dr. Petrik was deliberately indifferent to his serious medical needs, or that the course of treatment given to him was medically unacceptable under the circumstances.

**C. Defendants Lancaster State Prison and Dr. Petrik Have Eleventh Amendment Immunity.**

In Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. §1983. See, 491 U.S. at 664-66. Further, the Eleventh Amendment bars Plaintiff's claims for

damages from the named defendants in their official capacities. See Doe v. Lawrence Livermore National Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (1992).

The Eleventh Amendment prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53, 116 S. Ct. 1114 (1996); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984); Quern v. Jordan, 440 U.S. 332, 342, 99 S. Ct. 1139 (1979); see also Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995)(per curiam)(stating Board of Corrections is entitled to immunity). Defendant Lancaster State Prison is not a person under §1983. Defendant Lancaster State Prison is entitled to Eleventh Amendment immunity and should be dismissed from the Complaint. Further, Plaintiff's claim against Defendant Dr. Petrik in his official capacity should dismissed.

**ORDER**

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the defects discussed above, and to allege a cognizable constitutional claim Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Complaint is dismissed with leave to amend; and (2) Plaintiff is granted 30 days from the date of this memorandum and order within which to file a "First Amended Complaint." The First Amended Complaint must be complete within itself and shall not incorporate by reference any portion of the original Complaint. Plaintiff may not add new parties

without leave of the Court.  Failure to comply with the requirements set forth in this Memorandum and Order may result in a recommendation that this action be dismissed with prejudice.

DATED: June 2, 2011                             /s/
                                        VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE