UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LARRY RUSSELL, | ) | No. CV 11-04028-GHK (VBK) |
| Plaintiff, | ) ) | ORDER RE DISMISSAL OF FIRST AMENDED COMPLAINT WITH LEAVE TO |
| v. | ) ) | AMEND |
| LANCASTER STATE PRISON, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Larry Russell (hereinafter referred to as "Plaintiff"), appearing pro se, filed a Civil Rights Complaint Pursuant to 42 U.S.C. §1983 on May 16, 2011, pursuant to the Court's Order re Leave to File Action Without Prepayment of Full Filing Fee. Plaintiff alleges that his civil rights were violated by Defendants Lancaster State Prison and Pavel Petrik, M.D., in his official capacity. (Complaint at 2.)

On June 2, 2011, the Court issued an Order dismissing the Complaint with leave to amend.

On June 29, 2011, Plaintiff filed a First Amended Complaint ("FAC"). Plaintiff alleges that while incarcerated at Lancaster State Prison he had an infection in both armpits. Plaintiff alleges surgery

was performed by Defendant Dr. Petrik to remove cysts from both armpits. (FAC at 3.) Plaintiff alleges after surgery the stitching in the left armpit was defective, causing damage to "gland canal." Id. Plaintiff alleges that Defendant Dr. Petrik "failed to comply on numerous follow-up procedures" and rushed through the surgery causing "default in stitching." Id. Plaintiff alleges two days before Plaintiff's release, Defendant Dr. Petrik tried to "apply (sic) about the matter." Defendant Dr. Petrik told Plaintiff the infection was gone. Id. at 4. Plaintiff alleges Defendant Dr. Petrik deliberately acted with an unprofessional state of mind. Plaintiff alleges that after two years his wound is still infected and has caused more pain and suffering than the actual surgery. Id. at 4.

In Claim One, Plaintiff alleges that Defendant Dr. Petrik failed to support surgical process and "promote[d] harmful/personal injuries." Id. at 5. Plaintiff alleges that "on call doctor claim default in stitching process" and Defendant Dr. Petrik offered "no proper treatment follow-up etc." Plaintiff alleges "negligence/ personal injury". Id. at 6.

Plaintiff seeks monetary damages. Id. at 7.

## STANDARD OF REVIEW

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. §1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B) (re: all

in forma pauperis complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Neitzke v. Williams, 319, 327 n.6, 109 S.Ct. 1827 (1989) (unanimous decision)(patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. When considering a dismissal, a Court must accept as true all allegations and material facts and must construe those facts in a light most favorable to the plaintiff. Resnick v. Hays, 213 F.3d 443, 447 (9th Cir. 2000). However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 858 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949, 172 L.Ed.2d 868 (2009)(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'"

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555. The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted). "[A] well-pled complaint may proceed even if it appears that a recovery is very remote and unlikely." Twombly, 55 U.S. at 556, 127 S.Ct. 1955 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

**A. Federal Rule Of Civil Procedure 8(a).**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to

4

relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).

## DISCUSSION

For all of the following reasons, the First Amended Complaint should be dismissed with leave to amend.

**A. Section 1983 Pleading Requirements**.

In order to state a claim under section 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. See, Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir.), cert. denied, 522 U.S. 996, 118 S.Ct. 559 (1997); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). Liability under section 1983 is predicated upon an affirmative link or connection between the defendants' actions and the claimed deprivations. See Rizzo v. Goode, 423 U.S. 362, 372-73, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

A person deprives another of a constitutional right,

where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." [citation] Indeed, the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d at 743-44.

Here, Plaintiff must set forth specific facts as to what Defendant Dr. Petrik did or failed to do with respect to his claim.

**B.    Plaintiff Fails to State a Claim under the Eighth Amendment.**

Plaintiff alleges that Defendant Dr. Petrik performed surgery to remove cysts from both armpits; however, the left armpit did not properly heal. Plaintiff alleges Defendant Dr. Petrik was "negligent" and Plaintiff has suffered "personal injury." (FAC at 6.) "Denial of medical attention to prisoners constitutes an Eighth Amendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoner." Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). Deliberate indifference occurs when prison officials deny, delay or intentionally interfere with medical treatment or in the way in which prison officials provide medical care. McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v.

Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); Hunt v. Dental Dept., 865 F.2d 198 (9th Cir. 1989). Deliberate indifference may also be shown by a prison official's attitude and conduct in response to a prisoner's serious medical needs. Helling v. McKinney, 509 U.S. 25, 32-33, 113 S.Ct. 2475 (1993); Estelle, 429 U.S. at 104-05.

To state a deliberate indifference claim, a prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious, and that the defendant official acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321 (1991). The required showing of deliberate indifference is satisfied when it is established that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety." Johnson, 134 F.3d at 1398 (citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)).

The courts have recognized that deliberate indifference to serious medical needs may be manifested in two ways: "It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1998)(citing Estelle v. Gamble, 429 U.S. at 105). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir.), cert. denied, 519 U.S. 1029 (1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon

State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).

Medical malpractice, even gross medical malpractice, does not amount to a violation of the Eighth Amendment. Broughton v. Cutter Lab, 622 F.2d 458, 460 (9th Cir. 1980). A dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under §1983. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970).

Here, Plaintiff claims that Defendant Dr. Petrik was negligent and unprofessional. However, in order to state an Eighth Amendment claim, Plaintiff must set forth with particularity, specific facts demonstrating Defendant Dr. Petrik's "deliberate indifference" to Plaintiff's medical condition. Negligence or medical malpractice does not satisfy the Eighth Amendments deliberate indifference requirement. Plaintiff should state what acts that Defendant Dr. Petrik did or failed to do to with respect to Plaintiff's medical care that constitute deliberate indifference.

**ORDER**

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his First Amended Complaint to attempt to overcome the defects discussed above, and to allege a cognizable constitutional claim. Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's First Amended Complaint is dismissed with leave to amend; and (2) Plaintiff is granted 30 days from the date of this Order within which to file a "Second Amended Complaint." The Second Amended Complaint must be complete within itself and shall not incorporate by reference any portion of the original or First Amended Complaint.

Plaintiff may not add new parties without leave of the Court. Failure to comply with the requirements set forth in this Order may result in a recommendation that this action be dismissed with prejudice.

DATED: July 21, 2011            /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE